UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMBROSE WILSON-BROWN,

    Plaintiff,

v.

AIDVANTAGE; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC

    Defendants.

Case No.: 2:23-cv-842

**Complaint for Damages:**
    **Violation of Fair Credit Reporting Act**

Plaintiff, Ambrose Wilson-Brown, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Milwaukee, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Aidvantage ("Aidvantage") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Wisconsin.

5. At all times pertinent hereto, Defendant Aidvantage is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Wisconsin.

7. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

8. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

11. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Wisconsin.

12. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

13. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

15. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.    JURISDICTION AND VENUE

16. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Milwaukee County, Wisconsin and Defendants do business in Wisconsin.

18. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Aidvantage, Experian, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

20. Equifax, Experian, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

23. Plaintiff discovered the Aidvantage account # E0022020022120XXXX or #929781XXXXXXXXXXXXXX on his Experian and TransUnion consumer reports in error (the "Account").

24. During the course of repayment of the Account, Plaintiff satisfied the Account in full by transferring the debt to another creditor, for full and final settlement of Plaintiff's obligation with respect to the Account.

25. Plaintiff resolved his liability on the Account, and the Account is $0.

26. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Aidvantage continued, erroneously, to report a balance due and owing the Account to Experian and TransUnion.

27. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates his credit utilization.

Case 2:23-cv-00842-LA    Filed 06/23/23    Page 3 of 10    Document 1
Wilson-Brown v. AidVantage, et al.    3    COMPLAINT

## PLAINTIFF'S WRITTEN DISPUTE

28. On or about April 14, 2023, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

29. On or about April 14, 2023, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

30. Upon information and belief, Experian and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant Aidvantage.

31. Upon information and belief, Aidvantage received notification of Plaintiff's Letters from Experian and TransUnion.

32. Upon information and belief, Aidvantage verified the erroneous information associated with the Account to Experian and TransUnion.

33. Aidvantage failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34. Experian and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

35. Upon information and belief, Aidvantage failed to instruct Experian and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

36. Experian and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

37. At no point after receiving the Dispute Letters did Aidvantage, Experian or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

38. Experian and TransUnion relied on their own judgment and the information provided to them by Aidvantage rather than grant credence to the information provided by Plaintiff.

39. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

40. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

41. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

42. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

43. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

48. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

49. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

50. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

54. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

55. After receiving the TransUnion Dispute, TransUnion failed to correct the

false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

56. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

57. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

61. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

62. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

63. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

64. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

66. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

67. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – AIDVANTAGE
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

68. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

69. After receiving the Dispute Letters, Aidvantage failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

70. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Aidvantage's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Aidvantage's representations to consumer credit reporting agencies, among

other unlawful conduct.

71. As a result of this conduct, action, and inaction of Defendant Aidvantage, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

72. Defendant Aidvantage's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

73. In the alternative, Defendant Aidvantage was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

74. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Aidvantage pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted June 23, 2023

                     <u>/s/ Jacob W. Hippensteel</u>
                     Jacob W. Hippensteel
                     MCCARTHY LAW, PLC
                     4250 North Drinkwater Blvd, Suite 320
                     Scottsdale, AZ 85251
                     Telephone: (602) 456-8900
                     Fax: (602) 218-4447
                     Attorney for Plaintiff